## In re "Citizens' Liberty Party"

*Frank L. Pinola* and *Albert B. Carrozza,* for objections.

VALENTINE, J., October 15, 1931.—The objections pressed against the validity of this nomination paper are: (1) That an alleged defective certificate of preëmption had been filed with the county commissioners immediately after the filing of the affidavit of preëmption with the prothonotary, and that no new certificate could be presented with the nomination papers. (2) That the certificate attached to, or presented with, the nomination papers was defective.

(3) That the electors who preëmpted the name "Citizens Liberty Party" had no authority to preëmpt the same.

1. The filing of a certificate with the county commissioners prior to the filing of the nomination papers is a nullity. The act contemplates that such certificate shall accompany the papers when they are presented for filing.

2. As we have already ruled In re "Lower Tax Party," 17 D. & C. 342, nomination papers accompanied by a defective certificate may be amended by the filing of a certificate in proper form.

3. The testimony taken established that the name "Citizens Liberty Party" came into existence in Exeter Borough prior to the November election of 1929. At the recent primary election, rival candidates seeking the Republican and Democratic nominations for borough officers were associated under two slates designated "Reliable Party" and "Citizens Liberty Party," respectively. At such election the individuals who preëmpted the name "Citizens Liberty Party" for the November election, 1931, did not support the candidates on the slate designated "Citizens Liberty Party," but were then supporting other candidates on the slate designated "Reliable Party;" however, at the 1929 November election some of the preëmptors were members of the "Citizens Liberty Party." Could the candidates using a certain political designation to indicate their slate at a primary election acquire the right to use such political appellation at a general election? We think not. The candidates using the name at the recent primary were not associated as a political party, but the name was used to designate a slate in the effort to procure Republican and Democratic nominations. "We do not think the objectors . . . are in a position to enforce any claim to the exclusive use of the appellation in question. By the express terms of the act, it is the 'political body' which 'shall have the exclusive right to use the said name or appellation,' and not any particular persons:" Kreimer and Clark's Nominations, 8 Dist. R. 603.

Therefore, now, October 15, 1931, the objections to the nomination papers are dismissed, and said nomination papers are permitted to be amended by the filing of a proper certificate from the prothonotary.

From Frank P. Slattery, Wilkes-Barre, Pa.